UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- X

ANDREW PROKOS,                                    :
                                                                      :     **MEMORANDUM DECISION**
                                        Plaintiff,          :     **AND ORDER**
                                                                      :
                    - against -                               :     19-cv-4028 (BMC)
                                                                      :
ADAM GROSSMAN and GROSSMAN         :
INTERACTIVE, INC.,                                  :
                                                                      :
                                        Defendants.      :
------------------------------------------------------------- X

**COGAN**, District Judge.

      This is a copyright infringement action in which plaintiff, a professional photographer,
created and copyrighted a photograph of a streetscape in Harlem. Without plaintiff's
authorization, the photograph appeared on the website of Lions Equities, a company that
purchases residential homes. When plaintiff initially sued Lions for infringement, Lions
contacted its website developer, defendant Grossman Interactive, Inc., through its owner Adam
Grossman (together, "GII"), and complained about GII having used copyrighted materials for
Lions' website without authorization. Lions advised GII that plaintiff was demanding $4,000 for
the infringement. GII responded, "Please do not pay this – this does happen on occasion to me,
and some ways is scammey [sic] – to try to get people to pay outrageous fees like this."

      Plaintiff settled with Lions nevertheless and filed an amended complaint naming GII as
defendant. GII has failed to respond to the summons and amended complaint, and the Clerk of
Court has noted its default under Federal Rule of Civil Procedure 55(a). The case is before me
on plaintiff's motion for a default judgment pursuant to Rule 55(b). Plaintiff served the motion
on GII, but GII has not responded to the motion either.

The amended complaint contains two substantive claims for relief: copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 106, 501, and removal of the attribution acknowledgement that appeared on Lions' website under the Digital Millennium Copyright Act (the "DMCA"), 17 U.S.C. § 1202(b).  In light of defendants' default in this case, all of the well-pleaded allegations in plaintiff's complaint pertaining to liability are deemed true, see Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). Of course, "[e]ven after default it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  In re Wildlife Ctr., Inc., 102 B.R. 321, 325 (E.D.N.Y. 1989) (citation omitted).  But here, plaintiff has stated valid claims.

However, "when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true."  Credit Lyonnais Secs. (USA), Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). A court may conduct hearings to determine the amount of damages, but an inquest by paper record – rather than an in-person court hearing – is appropriate when the court relies on affidavits and other documentary evidence, and the amount is liquidated.  See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., Div. of Ace Young Inc., 109 F.3d 105, 111 (2d Cir. 1997).

Particularly since plaintiff seeks statutory damages, no hearing is necessary here. Plaintiff seeks statutory damages of $30,000 under 17 U.S.C. § 504(c)(1), and $2,500 under 17 U.S.C. § 1203(c)(3)(B).  The former statute has a range of $750 to $30,000 and the latter has a range of $2,500 to $25,000.  Picking the proper award within these ranges is a matter within the court's discretion, see Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, 1116 (2d Cir.

1986), informed by a number of financial and conduct-based considerations. These considerations include:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

Bryant v. Media Right Prods. Inc., 603 F.3d 135, 143-44 (2d Cir. 2010).

Plaintiff gets the benefit of the doubt in applying these factors because GII's default makes it difficult for him to obtain discovery showing GII's finances. See Streamlight, Inc. v. Gindi, No. 18-cv-987, 2019 WL 6733022, at *17 (E.D.N.Y. Oct. 1, 2019) ("[D]efendants frustrated the litigation process by failing to appear in this case or, at any point, respond to the allegations listed in the Complaint. . . . As a result, plaintiff could not obtain meaningful discovery, including discovery related to damages."). And, as shown below, the little that we do know about GII further weighs these factors in favor of plaintiff.

There are many cases holding that the failure to respond to a summons and complaint, especially when combined with a subsequent failure to respond to a default judgment motion, is sufficient to support a finding that the copyright infringement is willful. See, e.g., CJ Prods. LLC v. Your Store Online LLC, No. 11-cv-9513, 2012 WL 2856068, at *3 (S.D.N.Y. July 12, 2012) (collecting cases), report and recommendation adopted, 2012 WL 4714820 (S.D.N.Y. Oct. 3, 2012). Indeed, the contrast between GII's and Lions' responses to this action shows the difference between willful infringement and inadvertent infringement. Lions was relying on GII not to violate the law in designing its website. Although Lions initially failed to appear in this action, it ultimately did appear, took responsibility for the infringement, and settled with plaintiff. In contrast, GII has never appeared and taken responsibility.

But the degree of willfulness that GII has demonstrated goes beyond the usual case of failing to participate in litigation. Upon realizing that Lions had been sued for infringement, GII advised Lions, its client, *not* to pay plaintiff. More than that, GII established itself as a repeat copyright offender, virtually touting itself to Lions because "this does happen on occasion to me, and some ways is scammey [sic]… ." It is clear that GII has no respect for copyright law and feels that it ought to be able to dictate the terms on which it may publish copyrighted material. Finally, in that regard, GII, as a website developer, ought to know the importance of respecting copyright law as GII itself engages in the creative process. Cf. Fallaci v. New Gazette Literary Corp., 568 F. Supp. 1172, 1173 (S.D.N.Y. 1983) (publisher is charged with particular awareness of the importance of copyright law).

We thus have a showing of egregious willfulness even on the limited facts available in the default judgment context. Both punishment and deterrence will be served by a substantial award. See Van Der Zee v. Greenidge, No. 03-cv-8659, 2006 WL 44020, at *2 (S.D.N.Y. Jan. 6, 2006). Indeed, the degree of willfulness here could trigger the application of enhanced damages under 17 U.S.C. § 504(c)(2) of up to $150,000, but plaintiff is not seeking that, so I will not award it. However, although I do not regularly impose the statutory maximum under §§ 106 and 501 in similar cases, this case calls for the $30,000 maximum.

As to the requested damages under the DMCA, plaintiff's request for $2,500 is reasonable. Again, GII's removal of the accreditation information could constitute a basis for enhanced damages under § 504(c)(2), cf. Mango v. BuzzFeed, Inc., 356 F. Supp. 3d 368, 375 (S.D.N.Y. 2019) ("Hayes is a veteran reporter familiar with the concept of a gutter credit and he had the ability to contact the New York Post about the Photograph."), but plaintiff's conservative request for the minimum recovery under the DMCA deserves to be granted.

Finally, there is the question of plaintiff's attorneys' fee under 17 U.S.C. § 505. Plaintiff seeks $5,529 in fees and $545 in costs. Plaintiff's rate of $485 may be a touch higher than typically awarded in this district to a solo intellectual property practitioner, but I am not going to nickel and dime the rate in a case where defendants have failed to appear. Cf. Greathouse v. JHS Sec. Inc., 784 F.3d 105, 119 (2d Cir. 2015) (Korman, D.J., concurring in part, dissenting in part) ("There is something wrong when a case or controversy, to the extent that it exists, is principally between a plaintiff and the judge[] deciding the case."). This is especially so where the total amount of time spent – 11.4 hours – is quite reasonable considering that plaintiff not only had to prepare a strong motion for a default judgment, but had to go through Lions first to obtain GII's identity and then file an amended complaint.

Accordingly, plaintiff's motion [40] for a default judgment is granted. The Clerk is directed to enter final judgment in favor of plaintiff and against defendants Grossman Interactive, Inc. and Adam Grossman, jointly and severally, for $32,500.00 in statutory damages, $5,529.00 in attorneys' fees, and $545.00 in costs, for a total of $38,574.00.

**SO ORDERED.**

_____
U.S.D.J.

Dated: Brooklyn, New York
      February 12, 2020