```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
ANDREW PROKOS,                                              :
                                                            :      MEMORANDUM DECISION
                            Plaintiff,                      :      AND ORDER
                                                            :
            - against -                                     :      19-cv-4028 (BMC)
                                                            :
ADAM GROSSMAN and GROSSMAN                                  :
INTERACTIVE, INC.                                           :
                                                            :
                            Defendants.                     :
----------------------------------------------------------- X
```

**COGAN**, District Judge.

This case is before the Court on defendants' motion to vacate the default judgment entered against them. Although vacatur of the default would not prejudice plaintiff, the evidence of willfulness and lack of a meritorious defense is so overwhelming that the motion is denied.

## BACKGROUND

Plaintiff, a professional photographer, brought this copyright infringement action against defendants Adam Grossman ("Grossman") and Grossman Interactive, Inc. ("Interactive") for the unauthorized use of a photograph plaintiff had created and copyrighted. Defendants developed a website for Lions Equities, a residential home purchasing company, and used plaintiff's copyrighted photograph on the website. Lions Equities, originally named as a defendant in this lawsuit, stated that Grossman and Interactive had designed the website and chosen to use plaintiff's copyrighted photograph.

Once plaintiff commenced suit against Lions Equities, Lions Equities complained to Grossman and Interactive that they had apparently used copyrighted materials for Lions Equities' website without authorization, and that plaintiff was demanding $4,000 from Lions Equities for

the infringement. Grossman responded to Lions Equities as follows: "Please do not pay this – this does happen on occasion to me, and some ways is scammey [sic] – to try to get people to pay outrageous fees like this." Lions Equities nonetheless settled with plaintiff, and plaintiff filed an amended complaint naming Grossman and Interactive as defendants.

Plaintiff's process server attempted personal service of the summons and amended complaint four times at Grossman's last known address, which was also the address listed for Interactive with the New York Secretary of State. Plaintiff eventually served defendants by affixing to the door and mailing a copy of the summons and amended complaint to the same address. This method of service is commonly referred to as "nail and mail" service.

In addition to affixing and mailing the summons, plaintiff's counsel emailed Grossman. The email stated as follows:

> I represent Andrew Prokos. We have filed a lawsuit in the Eastern District of New York regarding your unauthorized placement of Mr. Prokos's photograph on the Lions Equities website. Such use infringed Mr. Prokos' copyright in the photograph.
>
> We have resolved this case as to Lions Equities and Jonathan Lemze, and they have provided evidence that you and your company were responsible for the infringement. We have amended the complaint to add you and your company as defendants and are proceeding to effect service of process.
>
> If you would like to resolve this case without proceeding through litigation, feel free to reach out to me.

When plaintiff's counsel received no response to this email, he emailed again:

> I have not heard back from you. We have served both you and your company with the complaint and your responses are now due. If we do not receive responses by the end of the week we will ask the court to enter your default.
>
> If you would like to resolve the case, feel free to call me.

There was no response to this email either.

2

Grossman and Interactive failed to respond to plaintiff's summons and amended complaint, leading the Clerk of Court to note their default under Federal Rule of Civil Procedure 55(a). Defendants then failed to respond to plaintiff's motion for a default judgment pursuant to Rule 55(b), and the Court granted plaintiff's motion, awarding $32,500 in statutory damages,[1] $5,529 in attorneys' fees, and $545 in costs, for a total of $38,574.00, plus interest.

Unbeknownst to plaintiff, at the time of service of the summons and complaint, Grossman no longer lived at the address plaintiff used for service. Grossman had moved to Florida eight years prior. Although Grossman had updated his personal address with the U.S. Postal Service, he never updated Interactive's address listed with the New York Secretary of State. Grossman maintains that he never received service of the summons and amended complaint, and he did not realize he was being sued until plaintiff restrained his bank accounts.

When plaintiff did restrain Grossman's bank accounts, more than four and a half years after the entry of default judgment, defendants filed appearances and a motion to vacate the default judgment. After hearing argument on the motion, the Court temporarily reduced the amount of the restraining notice to the principal amount of the judgment, that is, excluding accrued interest, pending decision of the motion.

## DISCUSSION

### I.  Service Under New York Civil Practice Law and Rules § 308(d)

The threshold question raised by the motion is whether plaintiff properly served defendant Grossman. If he did not, then the ruling on the motion is not discretionary; the

---

[1] The Court awarded $2500 under the Digital Millennium Copyright Act, 17 U.S.C. § 1202(b), in addition to $30,000 under the Copyright Act of 1976, 17 U.S.C. §§ 106, 501.

3

judgment must be vacated as to Grossman.[2]  See RCC Ventures, LLC v. Brandtone Holdings Ltd., 322 F.R.D. 442, 446 (S.D.N.Y. 2017).

Grossman contends that service was defective because he did not live at the address plaintiff used for service, having relocated to Florida eight years prior.  However, he admits that plaintiff used the address for service that Grossman had listed with the New York Secretary of State for Grossman's company, and co-defendant, Interactive.

Under Federal Rule of Civil Procedure 4, service on an individual is proper if made in a manner authorized by state law.  Fed. R. Civ. P. 4(e)(1).  Under New York Civil Practice Law and Rules § 308, service may be made on a natural person by a few different methods.  Service may be made "by delivering the summons within the state to the person to be served," N.Y. C.P.L.R. § 308(1), or "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and mailing the summons as well, N.Y. C.P.L.R. § 308(2).  If service by these two methods "cannot be made with due diligence," New York law provides that a natural person may be served "by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or . . . actual place of business" (affix and mail service).  N.Y. C.P.L.R. § 308(4).

There is "no rigid rule" to determine whether service by the first two methods has been attempted with due diligence such that affix and mail service is appropriate.  Kopec v. GMG Const. Corp., No. 09-cv-2187, 2011 WL 2650597, at *2 (E.D.N.Y. July 6, 2011).  Generally, three to four attempts at service, made on non-consecutive days, outside of business hours when

---

[2] Defendants do not challenge the validity of service on Interactive.

4

an individual would likely not be home, and an inquiry with a neighbor about whether the individual lives at the address suffices.  See id.

Before plaintiff served Grossman via affix and mail service, the process server made four attempts to serve Grossman at the address Grossman had listed for Interactive with the Secretary of State.  The process server made these attempts at varying times of day, including three outside of work hours (8:31pm, 1:26pm, 7:17pm, 8:22am).  Compare Kopec, 2011 WL 2650597 (affix and mail service ineffective where process server made three attempts at service at different times of day on consecutive days and verified with neighbor that the address was defendant's), with Sartor v. Utica Taxi Ctr., Inc., 260 F. Supp. 2d 670, 674 (S.D.N.Y. 2003) ("three attempts to serve defendant at home at various times when defendant would reasonably be expected to be found were sufficient to establish 'due diligence' so as to permit the use of affix and mail service pursuant to CPLR § 308" (citation omitted)).

Without deciding whether "a service attempt at the defendant's place of employment, after failed attempts at the defendant's residence, is required," Kopec, 2011 WL 2650597 at *2, this Court finds that the process server did make such an attempt, because the address listed with the New York Secretary of State for Interactive, Grossman's place of employment, was the same address at which the process server attempted to serve Grossman four different times.  Given these four attempts at service at the address Grossman listed with the New York Secretary of State for Interactive, made at varying times when an individual would likely be there, the process server exercised sufficient due diligence such that affix and mail service was appropriate.

Plaintiff's use of the same address for affix and mail service was equally proper.  "New York state courts have found listing with the state to be evidence that Defendant 'held out' an address as his place of business."  Unite Nat. Ret. Fund v. Ariela, Inc., 643 F. Supp. 2d 326, 328

5

(S.D.N.Y. 2008) (citing Vid v. Kaufman, 282 A.D.2d 739, 724 N.Y.S.2d 756, 757 (2d Dep't 2001)). When a defendant makes representations to the Secretary of State about his business address, and "induce[s] reliance on those representations, he is estopped from denying the propriety of that address for the purpose of service of process" on him as an individual. Id. (quoting Sartor, 260 F. Supp. 2d at 678). Thus, affix and mail service on Grossman at the address listed with the Secretary of State for Interactive was proper.

II.     **Discretion to Vacate Under Federal Rule of Civil Procedure 60(b)**

Having determined that service was proper, the Court has discretion as to whether to vacate the default judgment. See Fed. R. Civ. P. 60(b). That discretion is guided by a three-factor test: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 96 (2d Cir. 1993); see also State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 166-67 (2d Cir. 2004) ("When a district court decides a motion to vacate a default judgment pursuant to the provisions of Rule 60(b), the court's determination must be guided by [the] three principal factors [mentioned above].").

Defendants first contend that their default was not willful because they never received the summons and amended complaint. "A finding of willfulness is appropriate where 'there is evidence of bad faith' or the default arose from 'egregious or deliberate conduct,'" and any doubt about willfulness should be resolved in defendants' favor. Addison v. Reitman Blacktop, 272 F.R.D. 72, 77 (E.D.N.Y. 2010) (quotation omitted).

It is readily apparent that Grossman had notice of the lawsuit through Lions Equities, a former defendant in this action, and his communications with that company. Defendants' willfulness is confirmed by Grossman's choice to ignore the email messages sent to him by

6

plaintiff's attorney.[3]  Finally, Grossman's statement to Lions Equities that he had been in this situation before with regard to other copyright holders and the best course of action was to ignore it – as I noted in the decision granting the motion for default judgment – is strong evidence of willfulness.  It seems clear that Grossman formed the view that the best way to deal with this litigation was not to deal with it at all in the hope that plaintiff would simply determine that the burden of pursuing it was not worth the benefits he would receive.  That was a miscalculation on Grossman's part, and there can be no doubt it was a willful miscalculation.

As to prejudice, plaintiff puts forth no argument that he would suffer prejudice sufficient to defeat defendants' motion.  "[D]elay alone is not a sufficient basis for establishing prejudice." Davis v. Musler, 713 F.2d 907, 916 (2d Cir. 1983) (citations omitted).  Instead, plaintiff must show "that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion."  Id. (internal quotation marks and quotation omitted).  Especially since he is only seeking statutory damages, plaintiff alleges no risk of this nature, and I have no reason to believe that any of these issues would come to pass.

As to the third factor, defendants have failed to meet their burden of showing a meritorious defense as to liability.  They admit to their use of copyrighted materials, and their state of mind in doing so is irrelevant.  See D.C. Comics Inc. v. Mini Gift Shop, 912 F.2d 29, 35 (2d Cir. 1990) ("[A] finding of innocent infringement does not absolve the defendant of liability under the Copyright Act.  Rather, it triggers an equitable remedy . . . that affords the district court discretion to award damages commensurate with the defendant's culpability." (citations omitted)).  Defendants claim that plaintiff has not demonstrated actual injury, but actual injury is

---

[3] At oral argument, Grossman suggested that he regarded the email messages as spam.  The Court finds that explanation not credible.  These email messages were much too specific and detailed to constitute spam, and Lions Equities' earlier communication with Grossman confirmed the reality of the lawsuit.

not a requirement for a claim of copyright infringement.  See generally Arista Recs., LLC v. Doe 3, 604 F.3d 110, 117 (2d Cir. 2010).  Plaintiff need not request, nor present evidence of, actual damages for a finding of liability against defendants.  In fact, the Supreme Court has long recognized that "recovery may be awarded without any proof of injury."  F. W. Woolworth Co. v. Contemp. Arts, 344 U.S. 228, 231 (1952); see also Castillo v. G&M Realty L.P., 950 F.3d 155, 172 (2d Cir. 2020), as amended (Feb. 21, 2020) ("Unlike actual damages, statutory damages do not require the precise monetary quantification of injury.").  The amount of actual damages plaintiff has suffered is a factor the Court considers in calculating statutory damages, but plaintiff's failure to seek actual damages does not preclude a finding of liability and the imposition of statutory damages.

Indeed, nothing in defendants' proffered meritorious defenses addresses liability.  Their motion would be better characterized as a motion to reduce the amount of damages rather than vacate the judgment.  The most they argue is that statutory damages of $32,500 are too high because they had an innocent intent.[4]  They are innocent, they contend, because it was Lions Equities who provided them with the photograph, and so Lions Equities bore primary responsibility for determining that the photograph was not subject to copyright restrictions.  I reject this argument for two reasons.

First, Lions Equities' communications with Grossman show that the story is not credible.  When plaintiff contacted Lions Equities and accused it of using a copyrighted photograph, it turned to Grossman for direction on how to handle it.  And Grossman gave it – ignore this and it will go away.  Grossman did not protest to Lions Equities that Lions Equities was the source of

---

[4] Defendants also imply, but do not actually argue, that the statutory damages awarded by the Court are too high because they are not reflective of plaintiff's licensing fees.  But plaintiff submitted invoices in support of his motion for a default judgment showing that he has charged licensing fees of $10,000 to $20,000 for using his photographs on websites.

the photograph. And even if Lions Equities was the source of the photograph, it is clear that its agreement with defendants required defendants to ensure the useability of photographs before giving Lions Equities a website that included unlicensed copyrighted material.

Second, the procedural posture of this case does not permit defendants to slough off liability onto Lions Equities by claiming that it was Lions Equities, not defendants, who was responsible for vetting the website's photographs. That would have been a fine defense to raise if defendants had not willfully defaulted when served with the summons and amended complaint. But having chosen to forgo the opportunity to mitigate damages with which the law provided them, they cannot simply step back in and assert that which they chose not to assert when they should have.

Although the lack of prejudice weighs in favor of defendants, the strong evidence of willfulness and the lack of a meritorious defense compel the conclusion that the default judgment should stand.

## CONCLUSION

Defendants' motion to vacate the default judgment is denied.

**SO ORDERED.**

*Brian M. Cogan*
U.S.D.J.

Dated: Brooklyn, New York
November 26, 2024